17-3439-cv
*Blake v. State of Conn. Dep't of Developmental Servs.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand nineteen.

PRESENT:    GUIDO CALABRESI,
            JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
                    *Circuit Judges.*

―――――――――――――――――――――――――

NICOLE BLAKE,

                *Plaintiff-Appellant,*                    17-3439-cv

                v.

STATE OF CONNECTICUT DEPARTMENT OF
DEVELOPMENTAL SERVICES,

                *Defendant-Appellee.*

―――――――――――――――――――――――――

**FOR PLAINTIFF-APPELLANT:**              JOHN T. BOCHANIS, Daly, Weihing &
                                          Bochanis, Bridgeport, CT.

**FOR DEFENDANTS-APPELLEES:**  JENNIFER P. BENNETT, Assistant Attorney General (Erik T. Lohr, Assistant Attorney General, *on the brief*), *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 29, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Nicole Blake ("Blake") appeals from a judgment of the District Court granting summary judgment to her former employer, Defendant-Appellee State of Connecticut Department of Developmental Services ("DDS"). On August 4, 2015, Blake commenced this action in Connecticut state court, asserting discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3. DDS removed the case to federal court and, on October 17, 2016, moved for summary judgment. After argument, the District Court granted DDS's motion and dismissed Blake's case in its entirety. *See Blake v. Developmental Servs.*, 278 F. Supp. 3d 519 (D. Conn. 2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo. See Munoz-Gonzalez v. D.L.C. Limousine Serv., Inc.*, 904 F.3d 208, 212 (2d Cir. 2018). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" to establish a genuine dispute, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), and the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). *See also Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) ("[T]he nonmoving party may not rely on conclusory allegations or unsubstantiated speculation."); *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) ("The non-moving party . . . must offer some hard evidence showing that its version of the events is not wholly fanciful.").

After reviewing the record *de novo*, we affirm the District Court's judgment for substantially the reasons stated in its thorough and well-reasoned Ruling. *See Blake*, 278 F. Supp. 3d 519. Put simply, the record contains no evidence—either direct or circumstantial—supporting the conclusion that the adverse actions on which Blake's claims rely were in any way motivated by her race or color, *id.* at 534–35, or by her pursuit of proceedings before the Connecticut Commission on Human Rights and Opportunities ("CHRO"), *id.* at 530–33. Instead, Blake offers only her perceptions—*e.g.*,

"I just think [a suspension] was [based on race and/or color]," J.A. 183, "It's possible" that investigation was motivated by filing of CHRO complaint, *id.* at 201—and vague, unsubstantiated assertions that other DDS employees were not disciplined for similar conduct—*e.g.*, "No other employee was disciplined," *id.* at 45, "Other employees with two unsatisfactory performance evaluations were not discharged," *id.* at 46. These naked declarations are plainly insufficient to establish a genuine dispute of material fact with respect to any of Blake's claims. *See, e.g., Fujitsu Ltd.,* 247 F.3d at 428.

## CONCLUSION

We have reviewed all of the arguments raised by Blake on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 29, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk